JUDGE KOELTL

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA            : SEALED INDICTMENT

   - v. -                           : 19 Cr. (   )

DAVID ESPINAL,                      :
   a/k/a "D-Block,"
                                    : 19 CRIM 428
              Defendant.
                                    :
- - - - - - - - - - - - - - - - X

COUNT ONE

The Grand Jury charges:

1. In or about 2011, in the Southern District of New York and elsewhere, DAVID ESPINAL, a/k/a "D-Block," the defendant, did travel in and cause another person to travel in interstate and foreign commerce, and did use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, which resulted in the death of Hector Arias, and did aid and abet the same, to wit, ESPINAL hired and paid a coconspirator ("CC-1") to murder Arias, and CC-1 did so.

(Title 18, United States Code, Sections 1958 and 2.)

DOC #: _____
DATE FILED: JUN 1 1 2019

COUNT TWO

The Grand Jury further charges:

2.   On or about March 10, 2011, in the Southern District of New York and elsewhere, DAVID ESPINAL, a/k/a "D-Block," the defendant, willfully and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, a conspiracy to distribute marijuana, did use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess a firearm, and in the course of that drug trafficking crime did, through the use of a firearm, cause the death of Hector Arias, which killing was murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same.

(Title 18, United States Code, Sections 924(j) and 2.)

COUNT THREE

The Grand Jury further charges:

3.   On or about March 10, 2011, in the Southern District of New York and elsewhere, DAVID ESPINAL, a/k/a "D-Block," the defendant, knowingly traveled in interstate and foreign commerce and used the mails and any facility in interstate and foreign commerce with intent to commit a crime of violence, namely, murder, to further an unlawful activity, namely, a business enterprise involving a controlled substance, and with intent to promote, manage, establish, and carry on, and

2

facilitate the promotion, management, establishment, and carrying on of the unlawful activity, and thereafter did perform a crime of violence to further the unlawful activity, and did aid and abet the same, and death resulted, to wit, at ESPINAL's request and direction, CC-1 shot and killed Hector Arias, in the vicinity of 712 East Gun Hill Road in the Bronx, New York.

(Title 18, United States Code, Sections 1952 and 2.)

## SPECIAL FINDINGS

4. Counts One and Two of this Indictment are realleged and incorporated by reference as though fully set forth herein. As to Counts One and Two, alleging the murder of Hector Arias, the defendant DAVID ESPINAL, a/k/a "D-Block":

    a. was 18 years of age or older at the time of the offense;

    b. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)).

## FOREFEITURE ALLEGATION

5. As a result of committing the offense alleged in Count One of this Indictment, DAVID ESPINAL, a/k/a "D-Block," the defendant, shall forfeit to the United States, pursuant to

Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

SUBSTITUTE ASSETS PROVISION

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> a. cannot be located upon the exercise of due diligence;
>
> b. has been transferred or sold to, or deposited with, a third person;
>
> c. has been placed beyond the jurisdiction of the Court;
>
> d. has been substantially diminished in value; or
>
> e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;

4

Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____          _____
FOREPERSON                                GEOFFREY S. BERMAN
                                          United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

v.

**DAVID ESPINAL,
a/k/a "D-Block,"**

**Defendant.**

---

**SEALED INDICTMENT**

19 Cr.   (   )

(18 U.S.C. §§ 1958, 1952, 924(j),
and 2.)

GEOFFREY S. BERMAN
United States Attorney

_____
Foreperson

---

06/11/19    SEALED INDICTMENT FILED
   (CA)      W/ ARREST WARRANT

                              KEN PARKER
                              _____
                                 USMJ